UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WALEED K. YOUSIF,** | **2:21-CV-11413-TGB-KGA** |
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| **STERLING HEIGHTS POLICE DEPARTMENT,** | |
| Defendant. | |

Plaintiff Waleed Yousif filed this Complaint alleging that the Defendant Sterling Heights Police Department violated his rights by engaging in a conspiracy to allow a false police report to be filed against him and eventually send him to prison. Because Mr. Yousif has no valid legal claim, his Complaint will be dismissed, and the Motion for Summary Judgment filed by Defendant will be **GRANTED.**[1]

## I.   STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law."

---

[1] The Court has also issued an order in another case filed by Mr. Yousif, 21-cv-11950, that is relevant to this matter.

*Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013); see also Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party (in this case, the Plaintiff). *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001). The Court must determine whether the evidence presents a sufficient factual disagreement to require a trier of fact, such as a jury, to evaluate the claims, or whether the moving party (in this case, the Defendant) prevails as a matter of law. *See Anderson*, 477 U.S. at 252.

## II.   ANALYSIS

### A.   Motion for Summary Judgment

It is not clear from his Complaint exactly what laws or Constitutional rights Mr. Yousif is accusing Defendant of violating. Defendants contend, and the Court agrees, that the best interpretation of his allegations is as a malicious prosecution claim. ECF No. 7, PageID.32. This is a constitutional claim under the Fourth Amendment which can be brought if someone believes they have been wrongfully investigated, prosecuted, convicted, or incarcerated. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).

The law that allows individuals to bring constitutional claims against government actors is 42 U.S.C. § 1983. However, police departments are considered to be a unit of the city or municipality government they serve, and therefore cannot be sued directly under § 1983. *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (holding that "the police department is not a legal entity against whom a suit can be directed"). The law does not permit a police department to be sued as Mr. Yousif seeks to do here, and there is no set of facts he could allege that would change that. Therefore, Defendant's motion is granted.

## B.    Objection to reassignment

This case was reassigned to this Court from Judge Cleland as a companion case to 19-cv-12344, previously filed by Mr. Yousif and dismissed by this Court. Mr. Yousif has filed an Objection to this reassignment. ECF No. 13. He believes that because the Court dismissed his previous case, the Court is "not qualified" to evaluate this matter. *Id.* at PageID.162.

If a judge's impartiality may be called into question in a particular case, he or she should not handle the matter. 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). Specifically, a district court judge must recuse from a case when "a reasonable person with knowledge of [all the] facts would conclude that the judge's impartiality might reasonably be questioned."

*United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (quoting *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), *as amended* (Aug. 11, 1993)).

Such circumstances are not present here. The evidence and law that applied to Mr. Yousif's previous case required its dismissal, and nothing in the record supports Mr. Yousif's allegations of improper conduct.[2] *See* ECF No. 20. The Court does not have any "personal bias or prejudice" against Mr. Yousif such that it should be disqualified from evaluating the merits of his lawsuit. 28 U.S.C. § 455 (b)(1). The Court declines to recuse itself from this matter.

## CONCLUSION

Defendant's Motion for Summary Judgment is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion for a hearing (ECF No. 15) is **DENIED** as moot.

**SO ORDERED,** this 29th day of October, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

---

[2] For example, Mr. Yousif accuses the Court of fraud by giving away his social security number to the defendants in his prior case. ECF No. 13, PageID.154. Mr. Yousif's social security number does not appear anywhere in the record of that case, and there is no evidence that the Court was aware of it, much less that the Court gave it to anyone.